# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s)**: 11-1150 (L); 11-1264 (CON)

**Caption** [use short title]

**Motion for:** Filing Brief and Portions of Joint Appendix Under Seal

Chevron
v.
Donziger, et al.

Set forth below precise, complete statement of relief sought:

Appellants seek leave to file Volumes XXXVI and XXXVII of the Joint Appendix as well as their Brief under seal. Information in these documents may be subject to a protective order issued by the United States District Court, Northern District of California.

**MOVING PARTY:** Hugo Gerardo Camacho Naranjo & Javier Piaguaje Payaguaje    **OPPOSING PARTY:** Chevron Corp.

☐ Plaintiff    ☑ Defendant
☑ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** James E. Tyrrell, Jr.; Julio C. Gomez    **OPPOSING ATTORNEY**: Randy M. Mastro
[name of attorney, with firm, address, phone number and e-mail]

| Patton Boggs LLP | Gomez LLC Atty at Law | Gibson Dunn & Crutcher LLP |
| One Riverfront Plaza, 6th Fl. | 40 Wall Street, 28th Fl. | 200 Park Avenue, New York, NY 10166 |
| Newark, NJ 07102; 973-848-5600 | NY, NY 10005 212-400-7150 | 212-351-4000 |
| jtyrrell@pattonboggs.com | jgomez@gomezllc.com | rmastro@gibsondunn.com |

Court-Judge/Agency appealed from: The Honorable Lewis A. Kaplan/S.D.N.Y.

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? ☐ Yes ☑ No
Has this relief been previously sought in this Court? ☐ Yes ☑ No
Requested return date and explanation of emergency: June 2, 2011

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

June 2, 2011 is the deadline for Appellants to file their Brief and Joint Appendix pursuant to Court order

Is oral argument on motion requested?    ☐ Yes ☑ No    (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?    ☐ Yes ☑ No    If yes, enter date:_____

**Signature of Moving Attorney:**
s/ James E. Tyrrell, Jr.    **Date:** 06/02/2011    Has service been effected? ☑ Yes ☐ No [Attach proof of service]

---

## ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____    By: _____

**Form T-1080**

IN THE UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| CHEVRON CORPORATION,<br><br>Appellee-Respondent,<br><br>v.<br><br>HUGO GERARDO CAMACHO NARANJO, JAVIER PIAGUAJE PAYAGUAJE, STEVEN R. DONZIGER, THE LAW OFFICES OF STEVEN R. DONZIGER,<br><br>Appellants-Movants. | NO. 11-1150(L)<br>11-1294 (CON)<br><br>**DECLARATION OF JAMES E. TYRRELL, JR. ESQ. IN SUPPORT OF APPELLANTS HUGO GERARDO CAMACHO NARANJO'S AND JAVIER PIAGUAJE PAYAGUAJE'S MOTION TO FILE BRIEF AND PORTIONS OF JOINT APPENDIX UNDER SEAL** |

JAMES E. TYRRELL, JR., under penalty of perjury, declares as follows:

1. I am a partner with the law firm of Patton Boggs LLP, which maintains offices at 1185 Avenue of the Americas, 30th Floor, New York, New York 10036, and the Legal Center, One Riverfront Plaza, Newark, New Jersey 07102.

2. I am admitted to practice law in the State of New York and the United States Court of Appeals for the Second Circuit.

3. I am counsel for Appellants-Movants, Hugo Gerardo Camacho Naranjo and Javier Piaguaje Payaguaje (the "Movants"), in the above-captioned appeal. I respectfully submit this Declaration in support of Movants' application to

110263

file a portion of the Joint Appendix as well as Movants' opening Brief under seal.

4. In response to discovery obtained in a 28 U.S.C § 1782 proceeding captioned as *In re Application of Daniel Carlos Lusitand Yaiguaje, et al.*, No. 10-MC-80324 CRB (EMC) (N.D. Cal. 2010), Movants obtained certain documents produced by Diego Borja and his wife, Sara Portilla a/k/a Sara Wanderley. Those documents were the subject of a protective order entered by the United States District Court, Northern District of California.

5. That protective order required:

> All documents, materials, information, privilege logs, and deposition testimony ("Protected Materials") disclosed by Diego Borja, Sara Portilla and their counsel ("the Borjas") pursuant to this Court's order of February 16, 2011 shall be used by Daniel Carlos Lusitand Yaiguaje et al., their agents, their counsel, and their counsel's agents ("Applicants") solely for the purposes of preparing for and conducting the trial in *Aguinda v. ChevronTexaco Corp.*, No. 002-2003 in the Superior Court of Nueva Loja, any appeals or judgments from that action, any actions under 28 U.S.C. § 1782 seeking discovery for use in those proceedings, and any other related civil actions in which Applicants are a party, have appeared, or have an interest ("Lago Agrio Litigation").

*In re Application of Daniel Carlos Lusitand Yaiguaje*, No. 10-MC-80324 CRB (EMC), Protective Order, DE 46, filed February 25, 2011, at ¶ 1[1]; *see also In re Application of Daniel Carlos Lusitand Yaiguaje*, No. 10-MC-80324 CRB (EMC),

---

[1] The protective order issued in *In re Application of Daniel Carlos Lusitand Yaiguaje*, No. 10-MC-80324, is filed concurrently herewith as **Exhibit A**.

Civil Minutes, DE 50, filed March 7, 2011 ("Court found the protective order requires documents filed with a court to be filed under seal.").

6. The district court later narrowed the scope of the protective order to only require sealing of four categories of documents, namely: "Mr. Borja's resume and job application, Mr. Borja's privilege log and accompanying privilege log exhibits, Mr. Borja's bank statements and tax returns and tax return information as defined in I.R.C. § 6103." (*See* Order Re: Joint Letter of April 13, 2011 Re: Protective Order, DE 64, filed April 14, 2011, attached hereto as **Exhibit B**.) Movants believe that the referenced documents, submitted herewith as Volumes XXXVI and XXXVII of the Joint Appendix, may be subject to the protective order's sealing requirement. Additionally, the aforementioned documents set forth in those volumes were sealed by the district judge below.

7. Moreover, information that may be considered confidential under the protective order and is contained in Volumes XXXVI and XXXVII of the Joint Appendix is also referenced in the Movants' opening Brief.

8. Movants have filed this Motion to Seal and have provisionally filed their Joint Appendix and appellate Brief under seal. Movants also have filed an unsealed, redacted version of their opening Brief with this Court.

9. Movants, however, do not oppose full disclosure of these documents to the public if this Court deems disclosure appropriate. In modifying the

protective order, the Northern District of California expressly stated that although the Applicants "shall exercise reasonable diligence in keeping such documents confidential[,]" "[t]he Protective Order *is not intended to be legally binding upon such other court*." (Ex. B. (emphasis added).) Thus, this Court retains discretion in considering whether to grant or deny Movants' motion to file under seal. This motion is brought out of an abundance of procedural caution.

Accordingly, Movants respectfully request that, if the Court deems it appropriate, to permit the aforementioned documents to be filed under seal.

Dated: June 2, 2011

By: <u>s/ James E. Tyrrell, Jr.</u>
James E. Tyrrell, Jr.
PATTON BOGGS LLP
1185 Avenue of the Americas
30th Floor
New York, New York 10036
—and—
One Riverfront Plaza, 6th Floor
Newark, New Jersey 07102
(973) 848-5600

*Counsel for Appellants-Movants*

# EXHIBIT A

1  Cristina C. Arguedas (CSB 87787)
2  Ted W. Cassman (CSB 98932)
   Michael W. Anderson (CSB 232525)
3  ARGUEDAS, CASSMAN & HEADLEY LLP
   803 Hearst Avenue
4  Berkeley, CA 94710
   Telephone:   (510) 845-3000
5  Facsimile:   (510) 845-3003

6
   *Attorneys for Diego Borja and Sara Portilla*
7
                   UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9

10

11 | In re Application of:                          )  Case No. 10-MC-80324 CRB (EMC)
   |                                                )
12 | Daniel Carlos Lusitand Yaiguaje, et al.,       )
   |                                                )
13 |                   Applicants,                  )
   |                                                )
14 |                                                )
   | For the Issuance of a Subpoena for the         )
15 | Taking of Depositions and the                  )
   | Production of Documents in a Foreign           )
16 | Proceeding Under 28 U.S.C. § 1782              )
   |                                                )
17 | _____        )
   |                                                )  Case No. 10-MC-80225 CRB (EMC)
18 | In re Application of:                          )  (Related case)
   |                                                )
19 | THE REPUBLIC OF ECUADOR,                       )
   |                                                )
20 |                   Applicant,                   )
   |                                                )
21 |                                                )
   | For the Issuance of a Subpoena for the         )
22 | Taking of a Deposition and the                 )
   | Production of Documents in a Foreign           )
23 | Proceeding Under 28 U.S.C. § 1782.             )
   |                                                )
24 | _____        )

25
                          **PROTECTIVE ORDER**
26

27

28

For good cause appearing, under Federal Rule of Civil Procedure 26(c)(1), **IT IS HEREBY ORDERED** that:

(1) All documents, materials, information, privilege logs, and deposition testimony ("Protected Materials") disclosed by Diego Borja, Sara Portilla and their counsel ("the Borjas") pursuant to this Court's order of February 16, 2011 shall be used by Daniel Carlos Lusitand Yaiguaje et al., their agents, their counsel, and their counsel's agents ("Applicants") solely for the purposes of preparing for and conducting the trial in *Aguinda v. ChevronTexaco Corp.*, Case No. 002-2003 in the Superior Court of Nueva Loja, any appeals or judgments from that action, any actions under 28 U.S.C. § 1782 seeking discovery for use in those proceedings, and any other related civil actions in which Applicants are a party, have appeared, or have an interest ("Lago Agrio Litigation").

(2) Applicants shall disclose Protected Materials only to those persons or entities responsible for preparing for and conducting the Lago Agrio Litigation on behalf of Applicants, or to witnesses (and their counsel) who provide deposition or in-court testimony in the Lago Agrio Litigation. Furthermore, except as provided in Paragraph (3), Applicants shall not disclose any Protected Materials to the Fiscalía General del Estado or his agents (collectively, "FGE").

(3) Notwithstanding Paragraph (2), the provisions of this Order shall not be construed as preventing the disclosure of Protected Materials to any Court, Tribunal, Arbitrator or any agent of the foregoing for purposes of preparing for and conducting the Lago Agrio Litigation. Furthermore, this Order shall not be construed as preventing Applicants from disclosing Protected Materials if lawfully compelled to do so by a subpoena, court order, or compulsory legal process. If Applicants are lawfully compelled to disclose any

Protected Materials, they shall provide the Borjas with reasonably advance notice of the Protected Materials to be disclosed, the name(s) of the person(s) or entities to whom they will be disclosed, and a copy of the subpoena, court order, or legal process document compelling the disclosure.

(4) Applicants shall not solicit the FGE to issue a subpoena or seek a court order, or otherwise invoke compulsory legal process, to obtain Protected Materials from Applicants.

(5) Within ninety days of the conclusion of the Lago Agrio Litigation, Applicants shall return all Protected Materials to counsel for the Borjas, or otherwise destroy them.

(6) Nothing in this Order shall restrict the use of documents or information obtained by a party from a source other than the Borjas. To the extent the Protected Materials contain documents or information that are also publicly available, nothing in this Order shall restrict the use of such documents or information.

(7) Disclosure of Protected Materials to any person or entity shall be accompanied by notice of this Order.

(8) Any breach or violation of this Order may be punishable as contempt. Furthermore, in the event the Court finds that Applicants have breached or violated this Order, Applicants shall immediately return to counsel for the Borjas all Protected Materials or otherwise destroy them.

///

///

///

///

///

1  (9)  This Order shall remain in effect until all Protected Materials in the possession, custody, or control of the Applicants are returned or destroyed.  This Court retains exclusive jurisdiction to enforce this Order.

IT IS SO ORDERED.

Dated: February 25, 2011

EDWARD M. CHEN
United States Magistrate Judge

# **EXHIBIT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE THE APPLICATION OF:<br><br>Daniel Carlos Lusitand Yaiguaje, *et al.*,<br><br>Applicants,<br><br>v.<br><br>For the issuance of Subpoenas for the Taking of Depositions and the Production of Documents in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782.<br>_____/<br><br>IN RE THE REPUBLIC OF ECUADOR,<br><br>Applicant,<br><br>For the Issuance of a Subpoena for the Taking of a Deposition and the Production of Documents in a Foreign Proceeding Pursuant to 28 U.S.C. § 1782.<br>_____/ | No. C-10-80324 MISC CRB (EMC)<br><br>**ORDER RE JOINT LETTER OF APRIL 13, 2011 RE PROTECTIVE ORDER**<br><br>**(Docket No. 63)**<br><br>**RELATED CASE**<br><br>No. C-10-80225 MISC CRB (EMC) |

The Court has received and reviewed the parties' joint letter of April 13, 2011. Good cause appearing therefor, the Court modifies the Protective Order herein (Docket No. 46) as follows.

Notwithstanding anything to the contrary, the Yaiguaje Applicants may file in any Lago Agrio Litigation (as defined in Paragraph (1) of the Protective Order) without sealing documents otherwise covered by the Protective Order, excepting, however, Mr. Borja's resume and job application, Mr. Borja's privilege log and accompanying privilege log exhibits, Mr. Borja's bank statements and tax returns and tax return information as defined in I.R.C. § 6103. As to those

documents, the Yaiguaje Applicants shall exercise reasonable diligence in seeking from the court, tribunal or other judicial entity in which the filing is made, permission to file such documents under seal. The Protective Order herein is not intended to be legally binding upon such other court, tribunal or other judicial entity, but is directed at the parties herein to exercise reasonable diligence in keeping such documents confidential. In all other respects, the Protective Order remains in place.

This order disposes of Docket No. 63.

IT IS SO ORDERED.

Dated: April 14, 2011

EDWARD M. CHEN
United States Magistrate Judge